UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD ARTHUR YAW and MARIETTA DIANNE YAW, Husband and Wife,<br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | CASE NO. C18-5405 BHS<br><br>ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO AMEND AND RESERVING RULING AND REQUESTING SUPPLEMENTAL BRIEFING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants General Electric Company ("GE"), CBS Corporation ("Westinghouse"), and Foster Wheeler Energy Corporation's ("Foster Wheeler") (collectively "Defendants") motion for summary judgment. Dkt. 95. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby reserves ruling and requests supplemental briefing on the motions for the reasons stated herein.

## I. FACTUAL BACKGROUND

Donald Arthur Yaw ("Mr. Yaw") worked at Puget Sound Naval Shipyard ("PSNS") in Bremerton, Washington from approximately 1964 to 2001. Dkt. 1, ⁋ 28.B.

Mr. Yaw worked as an apprentice from 1964 to 1968, as a shipfitter from 1968 to 1980, and as a structural planner and estimator from 1980 to 2001. *Id*. Mr. Yaw was exposed to asbestos-containing products and products manufactured for foreseeable use with asbestos products during his work at PSNS. *Id*. ¶ 28. Mr. Yaw was diagnosed with mesothelioma on March 26, 2018, *id*. ¶ 28.F, and died on September 29, 2018, Dkt. 140 at 2 (citing Dkt. 141-1 at 2).

## II. PROCEDURAL HISTORY

On May 21, 2018, Plaintiffs Mr. Yaw and Marietta Dianne Yaw ("Mrs. Yaw") filed a complaint against the Defendants named in this order as well as nineteen other entities for personal injuries Mr. Yaw sustained due to exposure to asbestos between 1964 and 2001. Dkt. 1.[1] On January 31, 2019, Defendants filed a motion for summary judgment. Dkt. 95. On February 19, 2019, Plaintiffs responded. Dkt. 106. On February 22, 2019, Defendants replied. Dkt. 111.

## III. MOTION TO AMEND COMPLAINT

On March 21, 2019, Mrs. Yaw filed a motion for leave to amend her complaint to add a claim for wrongful death. Dkt. 140 at 3. While the deadline for amended pleadings in this case was October 4, 2018, Dkt. 87, Mr. Yaw passed away on September 29, 2018, just five days before the deadline, Dkt. 140 at 3. Mrs. Yaw explains that she attempted to negotiate a stipulation to amend the complaint but was unsuccessful, leading to the need for her motion. Dkt. 140 at 3. No defendant, whether named in this Order or otherwise,

---

[1] Because Mr. Yaw has passed away since the filing of this lawsuit, the Court will refer to Mrs. Yaw as the primary Plaintiff.

filed opposition to the motion. "[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that '[a] schedule may be modified only for good cause and with the judge's consent,' rather than the liberal standard of Federal Rule of Civil Procedure 15(a)." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). The Court finds that the timing of Mr. Yaw's passing clearly constitutes good cause.

If the Court finds good cause for leave to amend under Rule 16(a), the Court next considers pursuant to Fed. R. Civ. P. 15 whether the amendment shows or would create "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.3d 367, 373 (9th Cir 1990). As noted, no defendant has opposed the motion. Under the Local Rules, the Court may consider a failure to respond as an admission that the motion has merit. Local Rules W.D. Wash. LCR 7(b)(2). The Court finds no indication of bad faith, prejudice to the opposing party or futility of amendment, and Mrs. Yaw has not previously amended her complaint. While there was some delay before the filing of this motion on March 21, 2019, the Court finds no indication that it was undue. Therefore, the Court will grant the motion to amend.[2]

---

[2] The Court cites to the original complaint in this Order as it is the version in force at the time of writing.

## IV. SUMMARY JUDGMENT

Mrs. Yaw brings claims including products liability claims on both negligence and strict liability theories, claims for conspiracy and premises liability, claims under "the former RCW 49.16.030, and any other applicable theory of liability," and "if applicable, RCW 7.72 et seq." Dkt. 1, ¶ 34. Mrs. Yaw's complaint does not specify whether her claims are pursuant to Washington law only, or also pursuant to maritime law. Both appear applicable to her claims. *See* Dkt. 95 at 9. In maritime tort cases, as distinct from state-law tort cases, federal courts "act as common-law court[s], subject to any controlling statutes enacted by Congress." *Air & Liquid Systems Corp. v. DeVries*, 139 S. Ct. 986, 994 (2019) ("*DeVries*") (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 507–08 (2008)). The Supreme Court's recent decision in *DeVries* announced a new legal standard for the duty to warn in maritime torts. *DeVries*, 139 S. Ct. at 991. This decision was announced on March 19, 2019, after the parties had submitted the briefing on the motions for summary judgment at issue. As will be discussed in more detail below, the Court will require supplemental briefing addressing this new precedent.

A. **Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317,

323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

### B. Timeliness of the Motion

Before addressing the topics for supplemental briefing, the Court will address Mrs. Yaw's Fed. R. Civ. P. 56(d) request to defer consideration of summary judgment, raised in response to Defendants' motion for summary judgment. Mrs. Yaw asserts that "the record in this case is not complete" because her expert witnesses have not yet submitted their reports, and because discovery is ongoing until May 13, 2019, the Court should defer consideration of Defendants' motion. Dkt. 106 at 2.

Fed. R. Civ. P. 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to summary judgment, the reviewing court may deny the motion, defer consideration, allow time for the nonmovant to obtain affidavits, declarations, or discovery, or "issue any other appropriate order." A party opposing summary judgment in these circumstances "must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'r Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1124, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.3d 1472, 1475 (9th Cir. 1986)).

Mrs. Yaw explains that she expects one of her experts to provide "important evidence regarding Defendants' equipment that was aboard the ships being overhauled at PSNS when Mr. Yaw was working on those ships as a shipfitter," as well as information about Defendants' insulation and asbestos-containing materials practices. Dkt. 106 (citing Dkt. 107, ¶ 46, Declaration of Plaintiffs' Counsel Benjamin H. Adams). She also explains

that another of her experts will provide "exposure and causation evidence," and explains that she "is still discovering" information from Defendants about the equipment aboard the particular ships and Defendants' contracts with and specifications from the Navy. *Id.*

Defendants counter that the Declaration from Plaintiffs' Counsel, Dkt. 107, ¶ 46, makes only conclusory statements about the ongoing records and corporate representative discovery, and does not explain what the information sought would be expected to show or how it would preclude summary judgment. Dkt. 111 at 11. Defendants also argue that Mrs. Yaw's experts would have had to submit affidavits to be considered at summary judgment, and Mrs. Yaw has not argued her experts were unavailable to provide affidavits. *Id.* at 12.

It is a close question whether Mrs. Yaw has met her burden to explain specifically how the discoverable information she seeks could preclude summary judgement. However, the Court finds that additional briefing is required to resolve the motion for summary judgment, as discussed below. In the interests of judicial efficiency, the Court will allow a Rule 56(d) continuance of the motion until the dates set for supplemental briefing. That is, Mrs. Yaw may present both her analysis of the topics for supplemental briefing, and any additional facts discovered, in her supplemental briefing.[3]

**C.     Merits of Summary Judgment**

Defendants' motion argues that (1) there is no evidence that Mr. Yaw was exposed to asbestos from a product Defendants manufactured; (2) Defendants did not manufacture

---

[3] If another Rule 56(d) request is necessary, Mrs. Yaw may submit it at that time.

the insulation or other asbestos products used in conjunction with their equipment; and (3) Mrs. Yaw "cannot establish that the lack of adequate warnings or instructions proximately caused Mr. Yaw's injuries." Dkt. 95 at 1–2.

**1.     Maritime Law**

In *DeVries*, the Supreme Court considered the scope of a manufacturer's duty to warn in the context of maritime tort law. 139 S. Ct. at 991. The manufacturers, which included GE, Foster Wheeler, and Westinghouse, had produced pumps, blowers, and turbines for Navy ships, which in the Court's description, "required asbestos insulation or asbestos parts in order to function as intended." *Id*. The Supreme Court rejected "the more defendant-friendly bare metal defense" which provided that "[i]f a manufacturer did not itself make, sell, or distribute the part or incorporate the part into the product, the manufacturer is not liable for harm caused by the integrated product . . . ." *Id*. at 994 (citing *Lindstrom v. A-C product Liability* Trust, 424 F.3d 488, 492 (6th Cir. 2005)). On the other hand, the Supreme Court found that "foreseeability that the product may be used with another product or part that is likely to be dangerous is not enough to trigger a duty to warn. But a manufacturer does have a duty to warn when its product *requires* incorporation of a part and the manufacturer knows or has reason to know that the integrated product is likely to be dangerous for its intended uses." *DeVries*, 139 S. Ct. at 993–94. The standard the Supreme Court announced finds a product manufacturer has a duty to warn "when (i) its product requires incorporation of a part, (ii) the manufacturer knows or has reason to know that the integrated product is likely to be dangerous for its

intended uses, and (iii) the manufacturer has no reason to believe that the product's users will realize that danger." *Id*. at 996.

While Defendants made a strong showing on a lack of proximate causation based on a failure to warn, that briefing was submitted prior to *DeVries*. In supplemental briefing, the Court expects the parties to address topics including how *DeVries* may impact causation and the failure-to-warn analysis in this case, and how the products at issue in *DeVries* were similar to or different from the products at issue in this case.[4]

### 2. Washington Law

As noted, the Court has elected to delay its consideration of summary judgment until supplemental briefing is submitted.

The Court expects that Mrs. Yaw will submit a comprehensive substantive response to the supplemental briefing as ordered below, covering both maritime law and Washington law issues. This will allow the Court to address the motion for summary judgment on the merits at that time.

### V. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion for leave to amend, Dkt. 140, is **GRANTED**.

The Court will reserve ruling on Defendants' motion for summary judgment. The Clerk shall renote the motion, Dkt. 95, for consideration on the Court's May 24, 2019 calendar. Defendants may submit supplemental briefing by May 2, 2019, and Mrs. Yaw

---

[4] The Court will address Defendants' motion to strike inadmissible evidence submitted as part of its reply, Dkt. 111, as part of the Court's comprehensive treatment of this motion if it remains relevant.

may submit a comprehensive, substantive response no later than May 20, 2019. The reply brief is due on the noting date per the Local Rules. W.D. Wash. LCR 7(d).

Dated this 18th day of April, 2019.

BENJAMIN H. SETTLE
United States District Judge