UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIETTA DIANNE YAW, Individually and as Executor of the Estate of DONALD ARTHUR YAW<br><br>Plaintiff,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | CASE NO. C18-5405 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff Marietta Dianne Yaw's ("Yaw") motion for reconsideration. Dkt. 266.

On August 2, 2019, the Court granted Defendants General Electric Company ("General Electric"), CBS Corporation ("Westinghouse"), and Foster Wheeler Energy Corporation's ("Foster Wheeler") ("Defendants") motion for summary judgment. Dkt. 255. On August 16, 2019, Yaw filed a motion for reconsideration. Dkt. 266.

Motions for reconsideration are governed by Local Rule 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior

ORDER - 1

> ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. LCR 7(h). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

In this case, Yaw moves for reconsideration on the basis of a manifest error of law and new evidence. Dkt. 266 at 5. The Court disagrees and denies the motion because Yaw fails to meet her burden and Yaw's arguments ignore pertinent language in the order. For example, Yaw argues that "the Court did not distinguish whether it was ruling under state or maritime law, a critical distinction given the differing causation standards." Dkt. 266 at 6. Although no party sought this distinction or raised this issue in the briefs, the Court cited both state and maritime authorities on the issue of causation. Dkt. 255 at 7–8 (citing *McIndoe v. Huntington Ingalls, Inc.*, 817 F.3d 1170, 1174 (9th Cir. 2016) (maritime); *Lockwood v. AC & S, Inc.*, 109 Wn.2d 235, 245–47 (1987) (state)). In fact, the Court even included a footnote that provided as follows: "The Court cites both federal maritime law and Washington state law because Yaw's claims are extremely vague. Yaw, however, appears to implicitly accept that her claims may only be brought under these two bodies of law because she does not challenge Defendants' arguments under or citations to these laws." *Id.* at 8 n.2. Regardless, this issue is now moot because the Court concluded that maritime law applies to Yaw's claims. Dkt. 268 at 3–5.

Next, Yaw argues that the Court "ignored" her naval expert Captain Arnold Moore ("Moore"). Dkt. 266 at 6. Contrary to Yaw's position, the issue was that Yaw failed to establish that Moore's report was relevant. There is no doubt that Moore has a vast knowledge of naval vessels, the equipment aboard those vessels, and the components within that equipment. *See* Dkt. 133-1. Yaw, however, failed to submit any evidence placing her husband, Donald Yaw ("Mr. Yaw"), in the proximity of Defendants' equipment when asbestos was present. For example, Moore states that "Mr. Yaw recalled he worked in the engine rooms on most of the ships on which he was assigned to work and recalled he worked in the boiler rooms on at least half of the ships on which he worked." *Id.* at 7. Unfortunately, this is the extent of Mr. Yaw's speculative and conclusory testimony regarding where and when he worked on naval vessels. For example, testimony that Mr. Yaw worked in "most" of the vessels' engine rooms does not establish that he was around or near a Westinghouse turbine on the USS Kitty Hawk when asbestos components were either being removed or replaced. This lack of evidence as to each defendant is fatal to Yaw's claims. *See, e.g.*, *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990) ("Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed."). More importantly, the absence of such factual, baseline evidence makes Moore's vast knowledge of naval vessels and opinions irrelevant to the issues before the Court.

Finally, Yaw argues that "the law does not require that a victim of a latent disease that does not manifest for decades after exposure recall every exposure with specificity." Dkt. 266 at 7 (citing *Mavroudis v. Pittsburgh-Corning Corp.*, 86 Wn. App. 22, 30 (1997);

*Lockwood v. AC&S, Inc.*, 109 Wn.2d 235, 246–47 (1987); *Cabasug v. Crane Co.*, 989 F. Supp. 2d 1027, 1033 (D. Haw. 2013), *abrogated on other grounds by Air & Liquid Sys. Corp. v. DeVries*, 139 S. Ct. 986 (2019)).  The Court concludes that the Washington authorities are irrelevant because maritime law applies to Yaw's claims.  Regarding *Cabasug*, Yaw's statement is at least misleading because Yaw "must show, 'for each defendant, that (1) [Mr. Yaw] was exposed to the defendant's product, and (2) the product was a substantial factor in causing the injury [Mr. Yaw] suffered.'" *Cabasug*, 989 F. Supp. 2d at 1033 (quoting *Lindstrom v. A–C Product Liability Trust*, 424 F.3d 488 (6th Cir. 2005)).  Moreover, "'[m]inimal exposure' to a defendant's product is insufficient," and "a mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient." *Lindstrom*, 424 F.3d at 492 (quoting *Stark v. Armstrong World Indus.*, 21 Fed. App'x 371, 375 (6th Cir. 2001) (unpublished)).  While Moore could possibly establish that Defendants' products were at Mr. Yaw's place of work, Yaw fails to submit any evidence of exposure to those products.  Therefore, the Court **DENIES** Yaw's motion because she (1) fails to show that the Court committed a manifest error of law and (2) fails to submit any evidence, let alone new evidence, creating a material question of fact on any relevant issue.

  **IT IS SO ORDERED**.

  Dated this 21st day of August, 2019.

              BENJAMIN H. SETTLE
              United States District Judge